Appeal No. 19-30661

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

*MEAGHAN DOHERTY,*

*Plaintiff-Appellee,*

*v.*

*NATIONAL BOARD OF MEDICAL EXAMINERS,*

*Defendant-Appellant.*

**REPLY IN SUPPORT OF DEFENDANT'S OPPOSED EMERGENCY MOTION TO STAY INJUNCTION PENDING APPEAL**

Robert A. Burgoyne
PERKINS COIE LLP
700 Thirteenth Street N.W.,
Suite 600
Washington, DC 20005-3960
Telephone: 202.654.1744
Facsimile: 202.624.9548

Eric B. Wolff
Alison R. Caditz
PERKINS COIE LLP
1201 Third Avenue,
Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for
Defendant-Appellant
NATIONAL BOARD OF
MEDICAL EXAMINERS

145551536.3

# TABLE OF CONTENTS

I.   Plaintiff does not confront the legal question on the merits—whether she is substantially limited compared to most people..............................................1

II.  Plaintiff's arguments are inconsequential....................3

III. The procedural oddities in the district court should not be brushed aside. .........................................4

Conclusion..................................................................5

Certificate of Compliance....................................................7

Certificate of Compliance with Rule 27.3..............................8

Certificate of Service .........................................................9

145551536.3

## TABLE OF AUTHORITIES

**STATUTES**

42 U.S.C. § 12101, *et seq*. ("Americans with Disabilities Act")
 ............................................................................................... 3

**REGULATIONS**

28 C.F.R. § 36.105 ............................................................... 1

28 C.F.R. § 36.309 ............................................................... 3

145551536.3

This is a short reply to address Plaintiff's opposition to a stay. Plaintiff fails to address the legal standard for disability, namely, whether she is impaired compared to the *general population*. She is not, and it's not a close question. Instead, she raises a flurry of irrelevant arguments, unsupported and unsupportable with record citations. Finally, her attempted defense of the anomalous proceedings below only highlights the need for a stay pending appeal.

## I. Plaintiff does not confront the legal question on the merits—whether she is substantially limited compared to most people.

Plaintiff spends 24 pages dancing around but never confronting whether she is substantially impaired vis-à-vis "most people in the general population." 28 C.F.R. § 36.105(d)(1)(v). NBME showed how the district court miscited two of Dr. Brockman's findings in concluding Plaintiff is disabled, misconstruing them as showing deficiency relative to the general population. Mot. at 18-20. Plaintiff does not address those errors.

Plaintiff also does not dispute that (1) the Nelson Denny Reading Test ("NDRT") that anchored Dr. Brockman's diagnosis did not compare her to the general

145551536.3

population; (2) Dr. Brockman argued that the "most people" standard is "outdated," implicitly conceding Plaintiff cannot satisfy it; and (3) none of her evaluations found below-average reading abilities—to the contrary, they all reflect reading abilities that are at least average, if not above average, compared to most people.[1]

Rather than address the applicable legal standard or confront the inconvenient results of her own professionals' opinions and her exceptional academic history and performance on other high-stakes standardized tests with no accommodations,[2] Plaintiff asserts that the court's decision

---

[1] *See, e.g.*, Plf.'s Ex. 2, at 4-6 (conclusion in the 2004 Ducey evaluation that, while Plaintiff "was referred for a psychoeducational evaluation by her parents due to a possible reading problem," her overall "reading skills fell in the Superior range (93rd percentile)," and her "reading fluency is in the Very Superior range," with her other reading subscores in the "High Average" and "Average" ranges); Plf.'s Ex. 3 at 3, 5, 8-10 (findings in the 2003 Nagim evaluation that Plaintiff's performance on the Verbal Ability component of the Woodcock-Johnson-III Tests—which "predicts how a student will function in reading"—indicated "almost superior ability (90 percent [(90th percentile/top 10 percent)]);" and that on the "GORT-4, a high-volume, timed reading assessment of passage reading and comprehension in a multiple-choice format," Plaintiff performed at the 75th percentile (top 25 percent) "in both Reading Rate and Reading Comprehension").

[2] Again, without accommodations, Plaintiff scored in the top 1 percent of all examinees who took the ACT exam, and the top 5 percent of all examinees on the most reading-intensive

was based on the "totality of the circumstances," and not "one test result." Opp. at 10, 16. That ignores the absence of *any* test result or other evidence even hinting that her reading abilities are below average relative to most people.

## II. Plaintiff's arguments are inconsequential.

Seeking to show that she is disabled through some method other than credible medical or testing standards, Plaintiff references elementary-school diagnoses and accommodations she has received in medical school.[3] Neither, however, is a proxy for the legal standard a court must apply to grant relief under the Americans with Disabilities Act.

Presuming she is disabled, Plaintiff asserts that she faces irreparable harm and there is none to others. (Obviously, if she is *not* disabled, those who get pushed aside by her are harmed.) But even if Plaintiff could show that she

---

section of the MCAT (Verbal Reasoning). Mot. at 6-7. She also achieved an SAT score that was "very good" but, because it was not, in her view, high enough to get "into an Ivy League," she relied instead on her ACT scores. Tr. 63:6-10.

[3] *See* 28 C.F.R. § 36.309(b)(1)(v). Giving weight to past accommodations necessarily includes recognizing the absence of past accommodations. Plaintiff excelled until medical school—academically and on standardized tests—without any accommodations, and that is relevant as well. That Tulane chose to give her accommodations despite the absence of a disability in no way compels NBME to do so.

-3-

145551536.3

were entitled to the accommodations the district court ordered (and she decidedly cannot), Plaintiff will not suffer irreparable harm if she does not receive her score now. Tulane tells students participating in the 2020 "Match" to take the Step 2 CK by December 31, 2019. Mot. at 23. She has until February 2020 to verify her credentials for the 2020 "Match" and until April 2020 under Tulane's rules to pass the Step 2 CK exam. *Id.* at 22-23.

Plaintiff's concern about receiving an "invalid and canceled" annotation on her USMLE transcript if a stay is granted is also unwarranted. If this Court reverses, the score should be cancelled. But that test administration will not be reflected on her transcript in any way in the meantime. And NBME will permit Plaintiff to take Step 2 CK again without accommodations during this appeal if she desires, so she will not be "in a suspended state unable to move forward." Opp. at 18; *see* Reply Decl. of Michael Barone, MD at ¶ 2.

### III. The procedural oddities in the district court should not be brushed aside.

Plaintiff did not file a complaint, obtained a sealing order of the entire case so it does not even appear on the electronic docket, and failed to properly serve NBME until two

days before the preliminary injunction hearing. She does not defend the sealing order but posits various ways in which NBME nominally could have opposed her requested relief.[4] She also asserts that it was abundantly clear in the district court's preliminary injunction order that NBME was required to transmit Plaintiff's score, Opp. at 17, yet she filed her own motion to clarify that same order, Mot. at 13.

The record shows anomalous, unfair proceedings that resulted in an unwarranted mandatory preliminary injunction where no evidence supports Plaintiff's being "disabled."

## CONCLUSION

NBME respectfully requests that this Court stay the district court's preliminary injunction by September 4, 2019.

---

[4] Plaintiff says it is "false" that NBME was not given an opportunity to oppose the requested sealing, Opp. at 2, but the district court signed Plaintiff's proposed sealing order *one day* after NBME received Plaintiff's "Application" via FedEx, and well before NBME was properly served, Mot. at 10-11.

145551536.3

DATED: September 3, 2019

| | |
|---|---|
| Robert A. Burgoyne<br>PERKINS COIE LLP<br>700 Thirteenth Street N.W.,<br>Suite 600<br>Washington, DC 20005-3960<br>Telephone: 202.654.1744<br>Facsimile: 202.624.9548 | /s/ Eric B. Wolff<br>Eric B. Wolff<br>Alison R. Caditz<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br><br>Attorneys for Defendant-Appellant<br>NATIONAL BOARD OF<br>MEDICAL EXAMINERS<br><br>*Counsel of Record for Defendant-Appellant* |

# CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,039 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook font.

/s/ Eric B. Wolff
Eric B. Wolff

*Counsel of Record for Defendant-Appellant*

# CERTIFICATE OF COMPLIANCE WITH RULE 27.3

I certify the following complies with Fifth Circuit Rule 27.3:

- The facts stated herein supporting emergency consideration of this motion are true and complete.

- The Court's review of this motion is requested by September 4, 2019.

- This motion is being served at the same time it is being filed.

/s/ Eric B. Wolff  
Eric B. Wolff

*Counsel of Record for Defendant-Appellant*

# CERTIFICATE OF SERVICE

On September 3, 2019, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

Also on September 3, 2019, this brief was served on counsel not registered via CM/ECF by UPS overnight delivery at:

> Francis M. Olivier
> Law Office of Frances M. Olivier
> 2341 Metairie, LA  70001
> Telephone: 504-483-6344
> Fax: 504-483-6344

Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

Dated: September 3, 2019        /s/ Eric B. Wolff
                                                              Eric B. Wolff

Appeal No. 19-30661

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

*MEAGHAN DOHERTY,*

*Plaintiff-Appellee,*

*v.*

*NATIONAL BOARD OF MEDICAL EXAMINERS,*

*Defendant-Appellant.*

**DECLARATION OF MICHAEL BARONE, MD,
IN SUPPORT OF THE REPLY TO DEFENDANT'S
OPPOSED EMERGENCY MOTION
TO STAY INJUNCTION PENDING APPEAL**

Robert A. Burgoyne
PERKINS COIE LLP
700 Thirteenth Street N.W.,
Suite 600
Washington, DC 20005-3960
Telephone: 202.654.1744
Facsimile: 202.624.9548

Eric B. Wolff
Alison R. Caditz
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for
Defendant-Appellant
NATIONAL BOARD OF
MEDICAL EXAMINERS

# DECLARATION OF MICHAEL BARONE, MD

I, Michael Barone, MD, hereby declare as follows:

1. I am employed by the National Board of Medical Examiners (NBME) as Vice President, Licensure Programs. I am over 18 years of age and have personal knowledge of the matters addressed in this Declaration based upon my job responsibilities, general familiarity with NBME's operations, prior experience in medical education, or review of NBME records.

2. If the preliminary injunction entered in this case by the district court is stayed on appeal, and NBME is not required to release Meaghan Doherty's score from the Step 2 Clinical Knowledge (Step 2 CK) exam that she took on August 6 and 7, 2019:

(a) Ms. Doherty will be permitted to take the Step 2 CK exam again, under standard testing conditions, while the appeal is pending;

(b) Any USMLE transcript sent out by NBME while the appeal is pending will make no reference to her having taken the Step 2 CK exam on August 6 and 7, 2019;

(c) If Ms. Doherty prevails in the appeal, her score from her August 2019 Step 2 CK exam will be available for

-2-

her use and would be included on any USMLE transcript that NBME releases after the appeal is decided; and

    (d)   If NBME prevails in the appeal and the preliminary injunction is reversed, Ms. Doherty's score from her August 2019 Step 2 CK exam will be cancelled and any USMLE transcript released by NBME after the appellate decision would not reflect the administration with accommodations in August 2019.

Dated: September 3, 2019

*[signature]*
_____
Michael Barone, MD

-3-

# CERTIFICATE OF SERVICE

On September 3, 2019, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

Also on September 3, 2019, this brief was served on counsel not registered via CM/ECF by UPS overnight delivery at:

> Francis M. Olivier
> Law Office of Frances M. Olivier
> 2341 Metairie, LA  70001
> Telephone: 504-483-6344
> Fax: 504-483-6344

Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

Dated: September 3, 2019     /s/ Eric B. Wolff
                             Eric B. Wolff